# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALIKA ATAY, ET AL., ) | CIV. NO. 14-00582 SOM-BMK |
| ) | |
| Plaintiffs, ) | |
| ) | AMENDED FINDINGS AND |
| v. ) | RECOMMENDATION TO DENY |
| ) | PLAINTIFFS' MOTION TO |
| COUNTY OF MAUI, ET AL., ) | REMAND |
| ) | |
| Defendants. ) | |
| _____ ) | |

## AMENDED FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO REMAND

Before the Court is Plaintiffs' Alika Atay, Lorrin Pang, Mark

Sheehan, Bonnie Marsh, Leiʻohu Ryder, and SHAKA Movement (collectively,

"Plaintiffs") Motion to Remand to the Circuit Court of the Second Circuit for the

State of Hawaii ("State Court"), filed on January 15, 2015. (Doc. 15.) On January

30, 2015, Defendant City and County of Maui ("County") filed its Memorandum

in Opposition to Plaintiffs' Motion. (Doc. 31.) On January 30, 2015, Defendants

Robert Ito Farm, Inc.; Hawaii Farm Bureau Federation; Maui County; Molokai

Chamber of Commerce; Dow AgroSciences LLC; Agrigenetics, Inc.; Monsanto

Company; Concerned Citizens of Molokai and Maui; Friendly Isle Auto Parts &

Supplies, Inc.; New Horizon Enterprises, Inc. dba Makoa Trucking and Services;

and Hikiola Cooperative (collectively, "Private Defendants") also filed a

Memorandum in Opposition to Plaintiff's Motion. (Doc. 33.) Plaintiffs filed their Reply on February 10, 2015. (Doc. 34.) On February 12, 2015, this Court elected to decide Plaintiffs' Motion without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. (Doc. 35.)

## BACKGROUND

This case stems from a dispute over the validity of a Maui County Ordinance, entitled "A Bill Placing a Moratorium on the Cultivation of Genetically Engineered Organisms" ("Ordinance"), which was approved by the voters of the County of Maui on November 4, 2014.[1] (Doc. 15-1 at 8-9; Exhibit A.) The Ordinance currently before the Court seeks to place a moratorium on the growth, testing, and cultivation of genetically engineered organisms ("GMOs") within the County of Maui. (Doc. 15-1 at 6.) On November 4, 2014, Maui County voters passed the Ordinance into law. (Doc. 15-1 at 9.) Immediately after the Ordinance passed, Defendants Monsanto Company and Dow AgroSciences LLC announced they would sue to invalidate the Ordinance. (Doc. 33 at 14.)

On November 12, 2014, Plaintiffs, the original drafters and proponents of the Ordinance, initiated a lawsuit in State Court against the County,

---

[1] This case arises in the shadow of two recent federal cases, Hawai'i Floriculture & Nursery Ass'n v. County of Hawaii, Civ. No. 14-00267 BMK, 2014 WL 6685817 (D. Haw. Nov. 26, 2014) and Syngenta Seeds, Inc. v. County of Kauai, Civ. No. 14-00014 BMK, 2014 WL 4216022 (D. Haw. Aug. 25, 2014). In these cases, the counties of Kaua'i and Hawai'i passed ordinances restricting or banning the use of genetically engineered crops. Those ordinances were invalidated by this Court, which concluded that the ordinances violated federal and state law.

Monsanto Company, and Dow AgroSciences LLC, seeking declaratory relief. (Doc. 15-5.) Specifically, Plaintiffs sought to assure that the Ordinance would be properly and timely implemented, that Plaintiffs would be permitted to assist and participate in the County's implementation of the Ordinance, and that the Ordinance would be declared valid and legal and not otherwise preempted by state law. (Doc. 15-5 at 7-10.)

On November 13, 2014, one day after Plaintiffs initiated their State Court action, Robert Ito Farm, Inc.; Hawaii Farm Bureau Federation; Molokai Chamber of Commerce; Monsanto Company; Agrigenetics, Inc., doing business as Mycogen Seeds; Concerned Citizens of Molokai and Maui; Friendly Isle Auto Parts & Supplies, Inc.; New Horizons Enterprise Incorporated, doing business as Makoa Trucking & Services; and Hikiola Cooperative (collectively "Robert Ito Farm Plaintiffs"), initiated a Federal Court action against the County in Civil No. 14-00511 SOM-BMK, seeking to invalidate the Maui County Ordinance. (Civ. No. 14-00511 SOM-BMK, Doc. 1.) On November 14, 2014, the Court issued an injunction in the Robert Ito Farm case, enjoining enforcement of the ordinance until December 5, 2014. (Civ. No. 14-00511 SOM-BMK, Doc. 23.) On November 17, 2014, the Robert Ito Farm Plaintiffs entered into a stipulation with the County agreeing to continue the injunction to prohibit the County from certifying or enforcing the Ordinance until March 31, 2015. (Civ. No. 14-00511

SOM-BMK, Doc. 26.)

On December 10, 2014, Plaintiffs filed their First Amended

Complaint for Declaratory and Injunctive Relief in the State Court action, naming

the Robert Ito Farm Plaintiffs as additional parties. (Doc. 15-6.) The Complaint

contains, in relevant part, causes of action for (1) declaratory relief to establish the

enforceability of the Ordinance; (2) declaratory relief regarding the proper

implementation of the Ordinance; and (3) injunctive relief regarding certification

of election results and implementation of the Ordinance. (Doc. 15-6 at 12-17.)

On November 21, 2014, Plaintiffs filed a Motion to Intervene as

defendants in the Federal Court action initiated by the Robert Ito Farm Plaintiffs in

Civ. No. 14-00511 SOM-BMK. (Civ. No. 14-00511 SOM-BMK, Doc. 63.) The

Court, having found that Plaintiffs had significantly protectable interests that

would be impaired should the Ordinance be invalidated, granted Plaintiff's Motion

to Intervene. (Id.)

In the case currently before the Court, Defendants Monsanto

Company, Dow AgroSciences LLC, and Agrigenetics, Inc. filed a Notice of

Removal of Plaintiffs' State Court action on December 30, 2014.[2] (Doc. 1.)

Defendants contend that this Court has federal question jurisdiction because the

---

[2] In addition to Monsanto Company, Dow AgroSciences LLC, and Agrigenetics, Inc., the following parties were subsequently added as defendants to this case: Robert Ito Farm, Inc.; Hawaii Farm Bureau Federation; Maui County; Molokai Chamber of Commerce; Concerned Citizens of Molokai and Maui; Friendly Isle Auto Parts & Supplies, Inc.; New Horizon Enterprises, Inc. dba Makoa Trucking and Services; and Hikiola Cooperative (hereinafter, collectively, "Defendants").

Robert Ito Farm Plaintiffs have initiated a Federal Court action which seeks to "establish the invalidity of the Ordinance under federal law." (Doc.1 at 18.)

On January 15, 2015, Plaintiffs filed a Motion to Remand to State Court, which is currently before this Court. (Doc. 15.) Plaintiffs maintain that remand is proper because (1) Plaintiffs' First Amended Complaint presents solely issues of state law, and therefore this Court does not have subject matter jurisdiction; (2) the doctrine of "complete preemption" does not apply to Defendants' federal preemption defense; and (3) even if this Court determines that it has jurisdiction pursuant to the Federal Declaratory Judgment Act, the Court should exercise its discretion to decline jurisdiction based on the factors articulated in <u>Brillhart v. Excess Insurance Co. of America</u>, 316 U.S. 491 (1942) and <u>Government Employees Insurance Co. v. Dizol</u>, 133 F.3d 1220 (9th Cir. 1998), which, Plaintiffs allege, favor adjudicating this case in State Court. (Doc. 15 at 2-3.)

On January 30, 2015, Defendants filed their Memoranda in Opposition to Plaintiffs' Motion to Remand. (Docs. 31, 33.) The Private Defendants argue that Plaintiffs' State Court action presents an anticipatory declaratory judgment, which requires this Court to determine whether federal question jurisdiction exists by evaluating whether the defendants in this anticipatory suit could plead federal claims in their own coercive suit. (Doc. 33 at

10-11.)  Inasmuch as the Robert Ito Farm Plaintiffs have presented multiple federal

claims in the Federal Court action, the Private Defendants argue that federal

question jurisdiction is established in this case.  (Doc. 33 at 12.)  The Private

Defendants further argue that the Brillhart factors weigh against remand because

such remand "would frustrate, rather than enhance, the principles of judicial

economy[.]"  (Doc. 33 at 12-13.)  The County joins in the arguments made by the

Private Defendants, (Doc. 31 at 4), similarly arguing that the Court has jurisdiction

and that the Brillhart factors favor maintaining jurisdiction over this case.  (Doc. 31

at 4-5.)

On February 10, 2015, Plaintiffs filed their Reply.  (Doc. 34.)

Plaintiffs argue in reply that federal subject matter jurisdiction does not exist

pursuant to the well-pleaded complaint rule and that Defendants' anticipatory

declaratory judgment action analysis is inapplicable.  (Doc. 34 at 6, 13.)  Plaintiffs

further maintain that the Brillhart and Dizol factors favor remand.  (Doc. 34 at 14-

16.)

After careful consideration of the Motion, the supporting and

opposing memoranda, and the relevant legal authority, the Court recommends that

Plaintiffs' Motion to Remand be denied.

## STANDARD

A motion to remand may be brought to challenge the removal of an

action from state to federal court.  28 U.S.C. § 1447(c).  Removal of a civil action from state court to the appropriate federal district court is permissible only if the federal district court has original jurisdiction over the action.  28 U.S.C. § 1441. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

There is a "strong presumption" against removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  The statute authorizing removal is strictly construed, and the removing party has the burden of establishing that removal was proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).

## DISCUSSION

Plaintiffs essentially raise two bases under which they maintain that remand is proper:  (1) this Court does not have subject matter jurisdiction because Plaintiffs' First Amended Complaint presents solely issues of state law, and the doctrine of "complete preemption" does not apply to Defendants' federal preemption defense; and (2) even if this Court determines that it has jurisdiction, the Court should exercise its discretion to decline jurisdiction based on the Brillhart and Dizol factors, which favor adjudicating this case in State Court. (Doc. 15 at 2-3.)  The Court addresses each of Plaintiffs' arguments in turn, below.

## I.    Subject Matter Jurisdiction

Plaintiffs first argue that removal is inappropriate in this case because there are no federal claims present on the face of Plaintiffs' well-pleaded Complaint.  (Doc. 15-1 at 7.)  The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, "which provides that a federal question must appear on the face of a properly removed complaint."  Lovell v. Bad Ass Coffee Co. of Hawaii, Inc., 103 F. Supp. 2d 1233, 1238 (D. Haw. 2000) (citations omitted).  As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).  "[A] defense that relies on the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute, will not provide a basis for removal."  Id. (citations omitted).  A defense based on federal law is not sufficient to give rise to federal jurisdiction, Lovell, 103 F. Supp. 2d at 1238, and a defendant may not invoke removal jurisdiction simply by asserting a federal defense.  Clinton v. Acequia, Inc., 94 F.3d 568, 570 (9th Cir. 1996).

Here, there is no question that there are no federal claims present on the face of Plaintiffs' Complaint; however, this Court's analysis does not stop there.  While the Court agrees that the "complete preemption" doctrine is

inapplicable and does not create federal question jurisdiction in this case,[3] this

Court is persuaded by Defendants' argument that the Robert Ito Farm Plaintiffs'

coercive federal claim gives rise to jurisdiction over Plaintiffs' declaratory

judgment action currently before the Court.

Defendants maintain that Plaintiffs' State Court action is an

"anticipatory suit," (see Doc. 31 at 6; Doc. 33 at 11), and therefore, the well-

pleaded complaint rule operates differently for purposes of analyzing federal

question jurisdiction.  (See Doc. 33 at 19.)  In support of this argument, Defendants

largely rely on Janakes v. U.S. Postal Service, 768 F.2d 1091 (9th Cir. 1985).  (See

Doc. 33 at 20-21.)  Although Janakes involved a different factual landscape, the

Court is persuaded by the court's analysis.

In Janakes, plaintiff, a mail carrier for the U.S. Postal Service

("Service"), was injured while delivering mail.  Janakes, 768 F.2d at 1092.

---

[3] The complete preemption doctrine provides an exception to the well-pleaded complaint rule, and provides:

> The pre-emptive force of a statute may be so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.  Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim[.]

O'Conner v. Hilton Hawaiian Village, 763 F. Supp. 1544, 1547 (D. Haw. 1990) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)) (brackets and internal quotation marks omitted; format altered).  Because federal preemption is an affirmative defense, it does not provide a basis for removal jurisdiction unless there is what is deemed "complete preemption."  Inasmuch as this Court has previously held that the "Federal Coordinated Framework" did not expressly or implicitly preempt a similar county ordinance's GMO notification provisions, complete preemption is not applicable here.  Moreover, aside from the three distinct federal statutes explicitly outlined by the Supreme Court, no other areas – including the claims raised in Plaintiffs' Complaint – fall within this extraordinarily narrow exception to the well-pleaded complaint rule.  See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987) (upholding removal based on the preemptive effect of § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974); Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560 (1968) (upholding removal based on the preemptive effect of § 301 of the Labor Management Relations Act, 1974); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 2 (2003) (upholding removal based on the preemptive effect of §§ 85 and 86 of the National Bank Act).

Plaintiff applied for continuation of pay, under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8118.  Id.  Plaintiff was paid under the continuation of pay provision, and shortly thereafter, the Service notified plaintiff that he would be required to reimburse the Service for continuation of pay and injury compensation received if he recovered from a third-party tortfeasor.  Id. at 1092-93.  Plaintiff thereafter brought an action in federal court, under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking declaratory and injunctive relief against the Service.  Id. at 1093.  The Ninth Circuit Court determined that plaintiff's action was made in the face of an anticipated Service action to collect its reimbursement, and thus was an assertion of a federal defense, which does not confer subject matter jurisdiction.  Id.  In drawing this conclusion, the Janakes Court held that "[a] declaratory judgment plaintiff may not assert a federal question in his complaint if, but for the declaratory judgment procedure, that question would arise only as a federal defense to a state law claim brought by the declaratory judgment defendant in state court."  Id. (citations omitted).  If, however, "the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights, then we have jurisdiction notwithstanding the declaratory judgment plaintiff's assertion of a federal defense. The coercive action, however, must 'arise under' federal law, and not be based merely on diversity of citizenship or another, nonsubstantive jurisdictional statute."

Id. (citations omitted). Thus, the focus is on "the nature of a well-pleaded complaint that the [declaratory judgment defendant] could bring[.]" Id. at 1094. Therefore, it is well settled, "[w]here the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 248 (1952). Applying this principle, the Janakes Court found that a well-pleaded coercive suit by the Service would have a statutory basis under federal law, i.e., under FECA, and therefore plaintiff's declaratory judgment action could be maintained in federal court. Janakes, 768 F.2d at 1094-95.

Although Janakes involves a different set of facts, the Court finds its analysis is equally applicable here.[4] Here, Plaintiffs filed a declaratory judgment suit in State Court seeking, inter alia, a declaration as to the validity of the Maui County Ordinance. (See Doc. 1-3 at 8-9.) The Court finds that Plaintiffs' State Court suit was filed in anticipation of Defendants' coercive lawsuit, which unlike Janakes, was actually filed in this Court. See Robert Ito Farm, Inc. v. County of Maui, Civ. No. 14-00511 SOM-BMK (hereinafter, "Robert Ito Farm"). In Robert Ito Farm, Defendants are seeking declaratory relief pursuant to 28 U.S.C. § 2201,

[4] The parties have not cited any legal authority suggesting that the analysis set forth in Janakes would not apply here, where the anticipatory declaratory action is filed in state court as opposed to federal court, and we find none.

but also allege, in relevant part, that the Maui County Ordinance is preempted by the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, and violates the Commerce Clause of the U.S. Constitution, U.S. Const. art. I § 8 cl. 3. (See Robert Ito Farm, Doc. 1 at 37-39, 42-43, 46-47.) Thus, Defendants' coercive suit has a basis in federal law, and therefore, under the analysis set forth in Janakes, Plaintiffs' State Court declaratory judgment action could be maintained in federal court. See Standard Ins. Co. v. Saklad, 127 F.3d 1179, 1181 (9th Cir. 1997) (holding that under the Janakes analysis, the court may, "in a sense . . . reposition the parties in a declaratory relief action by asking whether [the federal court] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy"). Accordingly, this Court finds that it has federal question jurisdiction over Plaintiffs' First Amended Complaint.

## II.     **Brillhart and Dizol Factors**

Plaintiffs maintain, in the alternative, that even assuming the Court has jurisdiction, the Court should exercise its discretion to remand the case to State Court, which, Plaintiffs argue, is the favored approach under the factors articulated in the Brillhart and Dizol cases. (Doc. 15 at 16-18.) The Brillhart and Dizol factors are discretionary, and inasmuch as this Court has federal question jurisdiction, the Court is not duty-bound to remand this matter to the State Court upon balance of these factors. Nevertheless, for the reasons discussed below, the

Court finds that a balance of the <u>Brillhart</u> and <u>Dizol</u> factors weight against remand.

Federal district courts have discretion to determine whether to exercise jurisdiction over a declaratory judgment action, even when the action otherwise satisfies the requirements for subject matter jurisdiction. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." <u>Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491, 495 (1942). Thus, when a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court. <u>Chamberlain v. Allstate Ins. Co.</u>, 931 F.2d 1361, 1366-67 (9th Cir. 1991). In deciding whether to exercise its discretionary authority, the <u>Brillhart</u> Court articulated the following non-exhaustive factors:

> [a district court] should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

<u>Brillhart</u>, 316 U.S. at 495. Essentially, the district court "must balance concerns of judicial administration, comity, and fairness to the litigants." <u>Chamberlain</u>, 931

F.2d at 1367.

Subsequently, the Ninth Circuit recognized that the <u>Brillhart</u> factors are not exhaustive and suggested that district courts also consider the following factors:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

<u>Gov't Emps. Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998) (internal quotation marks and citation omitted). As discussed below, this Court finds that a balance of the relevant factors disfavors remand of this matter to State Court.

**A.      Needless Determination of State Law Issues**

"A 'needless determination of state law' may involve an ongoing parallel state proceeding regarding the 'precise state law issue,' an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity action)." <u>Keown v. Tudor Ins. Co.</u>, 621 F. Supp. 2d 1025, 1031 (D. Haw. 2008) (citation omitted). "The concern addressed in this factor is with unsettled issues of state law, not fact-finding in the specific case." <u>Nat'l Chiropractic Mut. Ins. Co. v. Doe</u>, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998)

(citation omitted). "When state law is unclear, [a]bsent a strong countervailing federal interest, the federal court should not elbow its way to render what may be an uncertain and ephemeral interpretation of state law." <u>Allstate Ins. Co. v. Davis</u>, 430 F. Supp. 2d 1112, 1120 (D. Haw. 2006) (quoting <u>Mitcheson v. Harris</u>, 955 F.2d 235, 238 (4th Cir. 1992)) (internal quotation marks, brackets, and ellipsis omitted).

Here, the instant federal action implicates both issues of state law and federal constitutional law. Thus, there is a substantial federal interest at stake. Moreover, if jurisdiction is retained, there will be no parallel proceedings in federal and state court. A state proceeding is parallel to a federal declaratory judgment action when both actions involve the same issues, the same factual circumstances, and the same parties at the time the federal action is filed. <u>See</u> <u>Golden Eagle Ins. Co. v. Travelers Cos.</u>, 103 F.3d 750, 755 (9th Cir. 1996), <u>overruled in part on other grounds by</u>, <u>Dizol</u>, 133 F.3d at 1227 ("It is enough that the state proceedings arise from the same factual circumstances."). Unless jurisdiction is retained, a parallel state proceeding will exist between the instant case and the <u>Robert Ito Farm</u> case. Accordingly, this factor weighs heavily in favor of retaining jurisdiction.

### B. Discourage Forum Shopping

Under the second <u>Brillhart</u> factor, district courts "should discourage litigants from filing declaratory actions as a means of forum shopping[.]" <u>Dizol</u>,

133 F.3d at 1225.  Here, each party contends that the other is engaged in forum shopping.  Plaintiffs maintain that Defendants' <u>Robert Ito Farm</u> action is a "reactive declaratory judgment action" to its State Court case.  (Doc. 15-1 at 21.) Defendants argue that Plaintiffs are aware of this Court's prior cases ruling upon the legality of GMO-related ordinances in two other counties,[5] and therefore "elected to file suit in state court in an attempt to head off federal litigation."  (Doc. 31 at 6.)  The Court declines the parties' invitation to referee their finger-pointing match.  <u>R.R. Street & Co. v. Transport Ins. Co.</u>, 656 F.3d 966, 981 (9th Cir. 2011). Inasmuch as both parties have been accused of improper forum shopping, and absent any indication as to the validity or propriety of either of these claims, the Court finds that this factor is neutral.

### C.    Avoid Duplicative Litigation

The avoidance of duplicative litigation factor strongly favors a denial of remand.  Presently, both this action and the <u>Robert Ito Farm</u> action are pending in the same federal court and can be resolved by the same judge.  The <u>Robert Ito Farm</u> action presents identical claims for this Court to resolve, that is, whether the Ordinance violates federal, state, and local law.  (<u>Robert Ito Farm</u>, Doc. 1 at 4.)  A remand, however, would create duplicative litigation by resuming parallel state proceedings, rather than eliminating it.  Duplicative litigation also increases the

---

[5] <u>See</u> <u>Syngenta Seeds, Inc. v. County of Kauai</u>, Civ. No. 14-00014 BMK, 2014 WL 4216022 (D. Haw. Aug. 25, 2014); <u>Hawai'i Floriculture & Nursery Ass'n v. County of Hawaii</u>, Civ. No. 14-00267 BMK, 2014 WL 6685817 (D. Haw. Nov. 26, 2014).

risk of inconsistent holdings.  Accordingly, because it is preferable that these cases be held in one forum as opposed to two separate forums, this factor weighs strongly in favor of the Court exercising jurisdiction over this case.

> **D.** **Additional <u>Dizol</u> Factors**

Here, the declaratory action could settle all of the issues relating to the legality and enforceability of the Maui County Ordinance.  Moreover, a resolution of this action would tell the parties what obligations and/or rights they have with respect to the legality and enforceability of the Maui County Ordinance.  If jurisdiction over this action is retained, it will also reduce the possibility of entanglement because there would no longer be any parallel proceedings in this Court and in State Court.  Moreover, although the case will no longer be in State Court on the island of Maui, the case will remain in-state, and therefore, it is not overly burdensome on the parties if the case is retained in this Court.  Accordingly, these additional factors weigh in favor of retaining jurisdiction.

\\

\\

\\

\\

\\

\\

## <u>CONCLUSION</u>

Based on the foregoing, this Court finds that it has subject matter jurisdiction over this case, and that the balance of the <u>Brillhart</u> and <u>Dizol</u> factors favor retaining jurisdiction. Accordingly, this Court recommends that Plaintiff's Motion to Remand be DENIED.

IT IS SO FOUND AND RECOMMEDED.

DATED: Honolulu, Hawaii, March 4, 2015.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Alika Atay, et al. v. County of Maui, et al.</u>, CIV. NO. 14-00582 SOM-BMK; AMENDED FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO REMAND.