IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALIKA ATAY; LORRIN PANG; MARK SHEEHAN; BONNIE MARSH; LEI`OHU RYDER; and SHAKA MOVEMENT,<br><br>         Plaintiffs,<br><br>   vs.<br><br>COUNTY OF MAUI; MONSANTO COMPANY; DOW AGROSCIENCES LLC; ROBERT ITO FARM, INC.; HAWAII FARM BUREAU FEDERATION; MAUI COUNTY; MOLOKAI CHAMBER OF COMMERCE; AGRIGENETICS, INC.; CONCERNED CITIZENS OF MOLOKAI AND MAUI; FRIENDLY ISLE AUTO PARTS & SUPPLIES, INC.; NEW HORIZON ENTERPRISES, INC., dba MAKOA TRUCKING AND SERVICES; HIKIOLA COOPERATIVE; et al.,<br><br>         Defendants | CIVIL NO. 14-00582 SOM/BMK<br><br>ORDER DENYING MOTION TO DISMISS "MIRROR-IMAGE" CLAIMS ON RIPENESS GROUNDS AND CONTINUING HEARING ON MERITS OF THAT MOTION; ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATION AND DENYING MOTION TO REMAND |

**ORDER DENYING MOTION TO DISMISS "MIRROR-IMAGE" CLAIMS ON RIPENESS GROUNDS AND CONTINUING HEARING ON MERITS OF THAT MOTION; ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATION AND DENYING MOTION TO REMAND**

## I.        INTRODUCTION.

This case arises out of an initiative to ban genetically modified organisms in the County of Maui that won a majority of votes in an election held in November 2014. Plaintiffs in this case originally filed this action in state court, arguing in relevant part that the County should be required to implement the law.  A day later, the private entities

that are Defendants in this case filed <u>Robert Ito Farm, Inc. v.</u>
<u>County of Maui</u>, Civil No. 14-00511 SOM/BMK ("<u>Robert Ito Farm</u>
Action"), in this court, arguing that the ban violated the
Commerce Clause of the United States Constitution and that the
ban was preempted by state and federal law.  After the Complaint
filed in the state court was amended, the state court case was
removed to this court.

Before the court are Plaintiffs' motion to remand this
case to state court and the County's motion to dismiss the First
Amended Complaint.  The court declines to dismiss on ripeness
grounds claims that mirror the claims in the <u>Robert Ito Farm</u>
Action.  The court continues the hearing on the merits of the
motion to dismiss to the same time as the dispositive motions in
the <u>Robert Ito Farm</u> Action.  The court adopts the
Magistrate Judge's Amended Findings and Recommendation to Deny
Plaintiffs' Motion to Remand and denies Plaintiffs' remand
motion.

II.      **FACTUAL BACKGROUND.**

On November 4, 2014, "A Bill Placing a Moratorium on
the Cultivation of Genetically Engineered Organisms" (the
"Ordinance") was passed by ballot initiative in the County of
Maui.  <u>See</u> ECF No. 1-3, PageID # 85.

The Ordinance renders it "unlawful for any person or
entity to knowingly propagate, cultivate, raise, grow or test

2

Genetically Engineered Organisms within the County of Maui" until such ban is amended or repealed by the Maui County Council. Id., PageID # 88. Any person or entity violating the Ordinance is subject to civil penalties of $10,000 for the first violation, $25,000 for the second violation, and $50,000 for the third or any subsequent violation. Id. PageID # 89. Each day that a person or entity is in violation of the Ordinance is considered a separate violation. See id.

In addition to civil penalties, "any person or entity, whether as principal, agent, employee, or otherwise, violating or causing or permitting the violation of any of the provisions of [the Ordinance], shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than two-thousand dollars ($2,000.00), or imprisoned not more than one (1) year, or both, for each offense." Id.

On November 12, 2014, only eight days after the ballot initiative passed, Plaintiffs Alika Atay, Lorrin Pang, Mark Sheehan, Bonnie Marsh, Lei'ohu Ryder, and SHAKA Movement filed a Complaint for Declaratory Relief in the Circuit Court of the Second Circuit, State of Hawaii. See ECF No. 1-3, PageID # 25 ("Atay Action"). Paragraphs 25 and 26 of the Complaint alleged that Defendants Monsanto Company and Dow Agrosciences LLC had made statements that they intended to challenge the legality and enforceability of the Ordinance. Id., PageID # 30. Paragraph 29

of the Complaint alleged that Maui County's mayor had publicly indicated that the County was determining how much manpower, equipment, and other resources would be needed to implement the Ordinance. Id., PageID # 29. Count I of the Complaint sought declaratory relief to establish the enforceability of the Ordinance under state law. Count II of the Complaint sought declaratory relief to have Maui County implement the Ordinance and allow Plaintiffs to participate in that implementation.

The following day, November 13, 2014, Robert Ito Farm, Inc., Hawaii Farm Bureau Federation, Maui County, Molokai Chamber of Commerce, Monsanto Company, Agrigenetics Inc., Concerned Citizens of Molokai and Maui, Friendly Isle Auto Parts & Supplies, Inc., New Horizon Enterprises, Inc., and Hikiola Cooperative sued the County of Maui by filing the Robert Ito Farm Action in this court. The complaint in that case asserts 1) that the Ordinance is preempted by federal law (First Cause of Action); 2) that Maui County lacks authority to enact and enforce the Ordinance and that it is preempted by state law (Second Cause of Action); 3) that the Ordinance violates the Commerce Clause of the United States Constitution (Third Cause of Action); and 4) that the Ordinance is invalid under the Maui County Charter and state law (Fourth Cause of Action). See Robert Ito Farm, Inc. v. County of Maui, Civil No. 14-00511 SOM/BMK, ECF No. 1.

4

On November 13, 2014, the plaintiffs in the Robert Ito Farm Action also moved for an order temporarily restraining the implementation of the Ordinance and for a preliminary injunction seeking the same relief. See id., ECF No. 5.

On November 17, 2014, the plaintiffs in the Robert Ito Farm Action and Maui County stipulated, and the court ordered, that the Ordinance not be "published, certified as an Ordinance, enacted, effected, implemented, executed, applied, enforced, or otherwise acted upon until March 31, 2015, or until further order of this Court, in order to allow for adequate time for the parties to brief and argue and for the Court to rule on the legality of the Ordinance as a matter of law." See id., ECF No. 26, PageID # 441.

On December 10, 2014, Plaintiffs in the Atay Action filed a First Amended Complaint for Declaratory and Injunctive Relief. See ECF No. 1-3, PageID # 38. The First Amended Complaint added Defendants in the Atay Action so that all the plaintiffs in the Robert Ito Farm Action became parties in the Atay Action. Id. The First Amended Complaint in the Atay Action criticized Maui County for having stipulated to a delay in certifying election results concerning the Ordinance. Id., PageID # 49. The pleading reiterated assertions from the original Atay Complaint that the Ordinance was not preempted by state law and sought a declaration that the Ordinance was

enforceable.  See Id., Count I.  The First Amended Complaint also asserted that Maui County should implement the Ordinance, that the Atay Plaintiffs should be permitted to assist and participate in that implementation, and that Maui County should be required to certify the election results and implement the Ordinance.  See Id., Counts II and III.  Finally, it sought attorney's fees under the private attorney general doctrine.  See Id., Count IV.

On December 15, 2014, Alika Atay, Lorrin Pang, Mark Sheehan, Bonnie Marsh, Lei'ohu Ryder, and SHAKA Movement, the Atay Plaintiffs, were permitted to intervene in the Robert Ito Farm Action.  See Civ. No. 14-00511 SOM/BMK, ECF No. 63.

On December 30, 2014, Dow Agrosciences removed the Atay Action to this court.  See ECF No. 1.

On January 15, 2015, Maui County moved to dismiss the Atay Action.  See ECF No. 14.  Maui County argued that the case was not ripe, that Plaintiffs in the Atay Action had no right to be consulted regarding implementation of the Ordinance, and that Plaintiffs are not entitled to attorney's fees.  See id.  Maui County sought to stay the removed Atay Action pending adjudication of the summary judgment motions filed in the Robert Ito Farm Action.

Also filed on January 15, 2015, was a motion by the Atay Plaintiffs to remand the removed action to state court.  See ECF No. 15.  On February 27, 2015, Magistrate Judge Barry M.

Kurren issued his Findings and Recommendations ("F&R") in which he recommended that the court decline to remand this action.  See ECF No. 36.  On March 5, 2015, Magistrate Judge Kurren amended the F&R.  See ECF No. 38.

On March 11, 2015, the Atay Plaintiffs filed objections to the Amended F&R.  See ECF No. 45.  This court now addresses those objections.

**III.    STANDARD.**

A district judge reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2.  In other words, a district judge "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  Freeman v. DirectTV, Inc., 457 F.3d 1001, 1005 (9th Cir. 2006).

The district judge may accept those portions of the findings and recommendation that are not objected to if the district judge is satisfied that there is no clear error on the face of the record.  United States v. Bright, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).  The district judge may receive further evidence or recommit the matter to the magistrate judge with

instructions.  28 U.S.C. § 636(b)(1).  The district judge may also consider the record developed before the magistrate judge.  Local Rule 74.2.  While the district judge must arrive at independent conclusions about those portions of the magistrate judge's report to which objections are made, a <u>de novo</u> hearing is not required.  <u>United States v. Remsing</u>, 874 F.2d 614, 617 (9th Cir. 1989); <u>Bright</u>, 2009 WL 5064355, *3; Local Rule 74.2.

**IV.      ANALYSIS.**

Before the court are objections to the thorough and well-reasoned Amended F&R, which recommended denial of the motion to remand this case to state court.  After <u>de novo</u> review, the court adopts the Amended F&R and denies the motion to remand.  Before analyzing the motion to remand, the court turns to Maui County's contention that this court lacks jurisdiction over this matter because the claims are not ripe.  The court denies the motion to dismiss to the extent it is based on that contention and continues the remainder of that motion to June 15, 2015, at 9:00 a.m.

**A.   Plaintiffs' Claims are Ripe.**

Article III, section 2, of the Constitution confines federal courts to deciding cases or controversies.  To qualify for adjudication in a federal court, a plaintiff must show that an actual controversy exists at all stages of the case. <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 63

8

(1997).  No case or controversy exists if a dispute lacks
ripeness, which has both a constitutional and a prudential
component.  See Coons v. Lew, 762 F.3d 891, 897 (9ᵗʰ Cir. 2014).
Only the constitutional component of ripeness is at issue here.

    "A dispute is ripe in the constitutional sense if it
presents concrete legal issues, presented in actual cases, not
abstractions."  Montana Environmental Info. Ctr. v. Stone-
Manning, 766 F.3d 1184, 1188 (9ᵗʰ Cir. 2014) (quotation marks,
alterations, and citation omitted).  "In the context of a
declaratory judgment suit, the inquiry depends upon whether the
facts alleged, under all the circumstances, show that there is a
substantial controversy, between parties having adverse legal
interests, of sufficient immediacy and reality to warrant the
issuance of a declaratory judgment."  Id. (quotation marks and
citations omitted).  "The constitutional component of the
ripeness inquiry is often treated under the rubric of standing
and, in many cases, ripeness coincides squarely with standing's
injury in fact prong."  Coons, 762 F.3d at 897.

    By the time the First Amended Complaint was filed in
state court, the County had entered into a stipulation with the
plaintiffs in the Robert Ito Farm Action to stay implementation
of Ordinance until this court ruled on its enforceability.  The
Atay Plaintiffs are challenging, among other things, the County's
refusal to immediately certify and enforce the Ordinance.  At

9

least some of <u>Atay</u> Plaintiffs' claims mirror the claims in the
<u>Robert Ito Farm</u> Action.  Both cases seek determinations
concerning the enforceability of the Ordinance.  Given the
preemption issues raised by the plaintiffs in the <u>Robert Ito Farm</u>
Action and the positions taken in that case by the County, this
court finds no ripeness impediment with respect to such claims.
The <u>Atay</u> Plaintiffs' "mirror-image" claims present a substantial
controversy among parties having adverse legal interests that is
of sufficient immediacy and reality to warrant a determination
that the claims are ripe.  <u>See</u> <u>Montana Environmental Info. Ctr.</u>,
766 F.3d at 1188.

As the parties know, the calendar of court proceedings
in the <u>Robert Ito Farm</u> Action has changed from what it was when
the motion to dismiss in the <u>Atay</u> Action was filed.  Those
changes now make it efficient for this court to address the
merits of the motion to dismiss in the <u>Atay</u> Action at the same
time the court addresses the dispositive motions in the <u>Robert
Ito Farm</u> Action, a coordination that this court was not
originally amenable to.

**B.    The Court Denies the Motion to Remand.**

A defendant may remove any civil action brought in
state court over which the federal court would have original
jurisdiction.  28 U .S.C. § 1441(a).  That is, a civil action
that could have originally been brought in federal court may be

10

removed from state to federal court.  <u>Caterpillar Inc. v.</u>

<u>Williams</u>, 482 U.S. 386, 392 (1987) ("Only state-court actions

that originally could have been filed in federal court may be

removed to federal court by the defendant.").  A federal court

has original jurisdiction "of all civil actions arising under the

Constitution, laws, or treaties of the United States."  28 U.S.C.

§ 1331.

        "The presence or absence of federal-question

jurisdiction is governed by the 'well-pleaded complaint rule,'

which provides that federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's

properly pleaded complaint."  <u>Caterpillar</u>, 482 U.S. at 392.

Plaintiffs are therefore the master of their claims and, in the

absence of diversity jurisdiction, may avoid federal jurisdiction

by exclusive reliance on state law.  <u>Id.</u>

        Generally, "a case may not be removed to federal court

on the basis of a federal defense, including the defense of

pre-emption."  <u>Caterpillar</u>, 482 U.S. at 392.  This general rule

is inapplicable, however, when a matter is completely preempted.

That is, when "an area of state law has been completely

pre-empted, any claim purportedly based on that pre-empted state

law is considered, from its inception, a federal claim, and

therefore arises under federal law."  <u>Id.</u>  Complete preemption is

not an issue in this removed action.  This court therefore

applies the general rule and examines whether the <u>Atay</u> Action is an action arising under federal law that could have been originally filed in this court. For purposes of determining whether this court has federal question jurisdiction over the <u>Atay</u> Action, this court need identify only a single federal question, as any additional related claims arising solely under state law could be addressed under this court's supplemental jurisdiction. <u>See</u> 28 U.S.C. § 1367.

Relying on <u>Janakes v. United States Postal Service</u>, 768 F.2d 1091 (9th Cir. 1985), and its progeny, this court determines that it would have had federal question jurisdiction over the claims in the First Amended Complaint in the <u>Atay</u> Action had they been filed in this court.

Janakes was a mail carrier who suffered injuries while delivering mail. <u>Id.</u> at 1092. Janakes applied for and received $1,545.58 for "continuation of pay" under 5 U.S.C. § 8118. <u>Id.</u> Defendant United States Postal Service ("USPS") informed Janakes that he was required to reimburse the "continuation of pay" if the third-party tortfeasor paid him any money. <u>Id.</u> at 1092-93. In relevant part, Janakes filed suit under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking an interpretation of 5 U.S.C. §§ 8101 to 8193 and the USPS's right to subrogation and reimbursement under those statutes. <u>Id.</u> at 1093.

The Ninth Circuit noted that the Declaratory Judgment Act, by itself, did not provide the district court with jurisdiction. Id. The Ninth Circuit then drew a distinction between a plaintiff with a Declaratory Judgment Act claim who asserts a federal defense to enforcement of a state law and a "coercive action" to enforce rights. The former provides no jurisdiction, while the latter does if it arises under federal law. Id. The Ninth Circuit stated, "If . . . the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights, then we have jurisdiction notwithstanding the declaratory judgment plaintiff's assertion of a federal defense." Id. Although Janakes filed his action in anticipation of an action by the USPS for reimbursement and his action was therefore in the nature of a federal defense, the Ninth Circuit concluded that the USPS could have filed a well-pleaded coercive federal suit for reimbursement under 5 U.S.C. § 8132. Accordingly, the Ninth Circuit concluded that it had jurisdiction over Janakes's claims. Id. at 1095.

In Standard Insurance Company v. Saklad, 127 F.3d 1179, 1181 (9th Cir. 1997), the Ninth Circuit explained that, under Janakes, "A person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there. . . . In other words, in a sense we can reposition the parties in a declaratory relief action by asking

whether we would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy."

The original state-court complaint in the Atay Action was filed just days after the Ordinance was voted on. See ECF No. 1-3, PageID # 25. It alleged that "Monsanto and Dow have made public statements stating that they will challenge the legality and enforceability of the GMO bill in court." Id. ¶ 35; see also id. ¶¶ 25, 26. The original state-court Complaint also alleged that Maui County's mayor had made public statements indicating that the County was finalizing how much manpower, equipment, and other resources it would need to implement the Ordinance. Id., PageID ¶ 29. Under those circumstances, the Atay Action Plaintiffs sought a declaration that the Ordinance was enforceable and not preempted by state law. The Atay Action Complaint was clearly filed in anticipation of the Robert Ito Farm Action that was shortly thereafter filed in federal court.

The complaint in the Robert Ito Farm Action seeks a declaration that the Ordinance is preempted by both state and federal law, that Maui County lacks the authority to enact and enforce the invalid Ordinance, and that the Ordinance violates the Commerce Clause of the United States Constitution. See Civ. No. 14-00511 SOM/BMK, ECF No. 1. Concurrent with filing the federal case, the plaintiffs in the Robert Ito Farm Action filed

a motion seeking temporary and permanent injunctive relief.  See
Civ. No. 14-00511 SOM/BMK, ECF No. 5.

After the Robert Ito Farm Action suit was initiated,
Plaintiffs in the Atay Action filed a First Amended Complaint
alleging that Maui County was not acting to implement the
Ordinance.  The First Amended Complaint alleged that the County
had stipulated to a "temporary injunction to delay the
certification and implementation of the Ordinance."  See First
Amended Complaint ¶ 48, ECF No. 1-3, PageID # 47.  On November
17, 2014, Magistrate Judge Barry M. Kurren signed a stipulation
that stated, "In order to maintain the status quo and avoid any
irreparable harm that may occur upon the enactment of the
Ordinance, to allow the parties sufficient time to brief the
merits of a summary disposition of this action before this Court,
and to give the Court adequate time to decide the matter, the
parties have agreed to an extension of the effective date of the
Ordinance by stipulation and proposed order."  See Civ. No. 14-
00511 SOM/BMK, ECF No. 26.  On March 19, 2015, this court issued
an order, noting that the terms of the stipulated injunction
allowed the court to continue the injunction until the court
ruled on the merits of the Robert Ito Farm Action, and deciding,
moreover, that even without the stipulation, an injunction was
warranted.  See Civ. No. 14-00511 SOM/BMK, ECF No. 134.  The
court continued until June 15, 2015, the hearing on the

dispositive motions in the Robert Ito Farm Action addressing whether the Ordinance was preempted under both federal and state law.

Under these circumstances, the Magistrate Judge was correct in determining that the Atay Action was filed in anticipation of the coercive Robert Ito Farm Action, filed by parties who were Defendants in the Atay Action. See ECF No. 38, PageID # 602. The Atay Action is akin to Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 242 (1952), in which the court said:

> In this case, as in many actions for declaratory judgment, the realistic position of the parties is reversed. The plaintiff is seeking to establish a defense against a cause of action which the declaratory defendant may assert in the [state] courts. Respondent here has sought to ward off possible action of the petitioners by seeking a declaratory judgment to the effect that he will have a good defense when and if that cause of action is asserted. Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court.

Because the Robert Ito Farm Action has a basis in federal law, the court agrees with the Magistrate Judge that the Atay Action can be maintained in federal court pursuant to Janakes and Saklad. When the parties are repositioned, this court has

16

jurisdiction over this declaratory relief action.  <u>See</u> <u>Saklad</u>,
127 F.3d at 1181.

Because this action could have originally been filed in
this court, removal was proper.  <u>See</u> 28 U .S.C. § 1441(a);
<u>Caterpillar</u>, 482 U.S. at 392.  In so ruling, this court is
applying the principle that, if the action could have originally
been filed in this court, it may be removed to this court.

C.  **<u>Brillhart</u>/<u>Dizol</u> Factors Do Not Weigh in Favor of Remand.**

The Supreme Court has noted that "the Declaratory
Judgment Act has been understood to confer on federal courts
unique and substantial discretion in deciding whether to declare
the rights of litigants."  <u>Wilton v. Seven Falls Co.</u>, 515 U.S.
277, 286 (1995).  Guidance concerning when to exercise discretion
to decide a matter is provided by <u>Brillhart v. Excess Insurance
Co. of America</u>, 316 U.S. 491 (1942), and its progeny.

In <u>Brillhart</u>, the Supreme Court stated that it would
ordinarily

> be uneconomical as well as vexatious for a
> federal court to proceed in a declaratory
> judgment suit where another suit is pending
> in a state court presenting the same issues,
> not governed by federal law, between the same
> parties.  Gratuitous interference with the
> orderly and comprehensive disposition of a
> state court litigation should be avoided.

316 U.S. at 495.  <u>Brillhart</u> set forth a nonexhaustive list of

factors to be considered in determining whether to stay or

dismiss a federal court Declaratory Judgment Act case:

> Where a district court is presented with a
> claim such as was made here, it should
> ascertain whether the questions in
> controversy between the parties to the
> federal suit, and which are not foreclosed
> under the applicable substantive law, can
> better be settled in the proceeding pending
> in the state court.  This may entail inquiry
> into the scope of the pending state court
> proceeding and the nature of defenses open
> there.  The federal court may have to
> consider whether the claims of all parties in
> interest can satisfactorily be adjudicated in
> that proceeding, whether necessary parties
> have been joined, whether such parties are
> amenable to process in that proceeding, etc.

<u>Id.</u>

In <u>Government Employees Insurance Company v. Dizol</u>, 133

F.3d 1220, 1225 (9th Cir. 1998), the Ninth Circuit stated, "The

<u>Brillhart</u> factors remain the philosophic touchstone for the

district court.  The district court should avoid needless

determination of state law issues; it should discourage litigants

from filing declaratory actions as a means of forum shopping; and

it should avoid duplicative litigation."  The Ninth Circuit

explained,

> If there are parallel state proceedings
> involving the same issues and parties pending
> at the time the federal declaratory action is
> filed, there is a presumption that the entire
> suit should be heard in state court.  The
> pendency of a state court action does not, of
> itself, require a district court to refuse

federal declaratory relief. Nonetheless,
federal courts should generally decline to
entertain reactive declaratory actions.

Id. (citations omitted).

Dizol recognized that the Brillhart factors are not

exhaustive and noted that district courts may consider

whether the declaratory action will settle
all aspects of the controversy; whether the
declaratory action will serve a useful
purpose in clarifying the legal relations at
issue; whether the declaratory action is
being sought merely for the purposes of
procedural fencing or to obtain a "res
judicata" advantage; or whether the use of a
declaratory action will result in
entanglement between the federal and state
court systems.

Id. at 1225 n.5 (quoting Am. States Ins. Co. v. Kearns, 15 F.3d

142, 145 (9th Cir. 1994) (J. Garth, concurring) (quotation marks

omitted)). In other words, "when deciding whether to exercise

its jurisdiction under the Declaratory Judgments Act, [a district

court] must balance concerns of judicial administration, comity,

and fairness to the litigants." Chamberlain v. Allstate

Insurance Company, 931 F.2d 1361, 1367 (9th Cir. 1991).

As the Magistrate Judge correctly noted, this court

need not determine whether any party was engaged in forum

shopping to determine whether it should decide the issues raised

in the Atay Action. Although the Atay Action seeks a

determination that the Ordinance is not preempted by state law

and the Atay Action Plaintiffs argue that the state courts should

19

decide issues of state law, this court is unpersuaded that it should remand this matter to state court when the result would be uneconomical duplicative proceedings. The <u>Robert Ito Farm</u> Action has pending dispositive motions that <u>Atay</u> Action Plaintiffs have briefed. The <u>Robert Ito Farm</u> Action examines whether the Ordinance is preempted under both federal and state law and raises the issue of whether the Ordinance violates the Commerce Clause of the United States Constitution. In that respect, the <u>Robert Ito Farm</u> Action will examine issues raised in the state-court case. If this court were to remand the <u>Atay</u> Action to state court, there would be potentially duplicative litigation as to the issue of state-law preemption without any gain in judicial economy. The <u>Robert Ito Farm</u> Action would remain before this court, while the <u>Atay</u> Action would not decide the issues of federal law raised in the <u>Robert Ito Farm</u> Action. Under these circumstances, it is better to have the issues in the <u>Robert Ito Farm</u> Action and the <u>Atay</u> Action decided by the same judge.

The court recognizes that, if it retains jurisdiction over the <u>Atay</u> Action, the <u>Atay</u> Plaintiffs will not be proceeding in their chosen state-court forum on Maui. But the case does remain within Hawaii, and, as the Magistrate Judge noted, proceeding in federal court will not be overly burdensome on Plaintiffs in the <u>Atay</u> Action. Counsel for those Plaintiffs

lists a downtown Honolulu address near this court as counsel's place of business.

The court therefore adopts the Amended F&R, and incorporates its factual and legal analyses.

**V.      CONCLUSION.**

The court denies the Motion to Dismiss the First Amended Complaint in the <u>Atay</u> Action, ECF No. 14, to the extent it seeks dismissal on ripeness grounds of matters that mirror the issues raised in the <u>Robert Ito Farm</u> Action. The hearing on the merits of that motion is continued until June 15, 2015, at 9:00 a.m.

The court adopts the Amended F&R and denies the Motion to Remand the <u>Atay</u> Action to state court, ECF No. 15.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 15, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District

<u>Alika Atay, et al. v. County of Maui, et al.</u>; Civil No. 14-00582 SOM/BMK; ORDER DENYING MOTION TO DISMISS "MIRROR-IMAGE" CLAIMS  ON RIPENESS GROUNDS AND CONTINUING HEARING ON MERITS OF THAT MOTION; ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATION AND DENYING MOTION TO REMAND

21